B104 (FORM 104) (08/07)          EDVA

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>DONALD F. KING, TRUSTEE | **DEFENDANTS**<br>MARC R. LABGOLD and TARYN M. LABGOLD |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>JAMES W. REYNOLDS, ESQUIRE<br>Odin Feldman & Pittleman, P.C.<br>1775 Wiehle Ave, Suite 400, Reston, VA 20190  703-218-2134 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☑ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☑ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>Complaint to avoid a transfer of certain real property pursuant to 11 U.S.C. §§548 and 550. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(H). ||

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☑ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought ||

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>MARC R. LABGOLD | BANKRUPTCY CASE NO.<br>13-13389-BFK | |
| DISTRICT IN WHICH CASE IS PENDING<br>EASTERN DISTRICT OF VIRGINIA | DIVISION OFFICE<br>ALEXANDRIA | NAME OF JUDGE<br>BRIAN F. KENNEY |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ J.W. Rey<br><br>DATE<br>JANUARY 27, 2014 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>JAMES W. REYNOLDS, ESQUIRE |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| **MARC R. LABGOLD,** | * | **Case No. 13-13389-BFK** |
| | * | Chapter 7 |
| Debtor. | * | |
| **DONALD F. KING, TRUSTEE,** | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Adv. Pro. No. 13-_____-BFK |
| | * | |
| **MARC R. LABGOLD and** | * | |
| **TARYN M. LABGOLD,** | * | |
| | * | |
| Defendants. | * | |

## COMPLAINT TO AVOID TRANSFER OF REAL PROPERTY

DONALD F. KING, TRUSTEE, by counsel, files this complaint (the "Complaint") against Marc R. Labgold and Taryn M. Labgold to avoid a transfer of certain real property and, in support thereof, states as follows:

1. This Complaint is filed pursuant to 11 U.S.C. §§548 and 550. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(H).

2. Marc R. Labgold (the "Debtor") filed a voluntary chapter 7 petition on July 23, 2013 (the "Petition Date").

3. Donald F. King (the "Trustee") is the duly appointed chapter 7 trustee in this case.

4. Taryn M. Labgold (the "Defendant") is the Debtor's wife.

---

JAMES W. REYNOLDS, ESQUIRE, VSB NO. 33226
Counsel for Donald F. King, Trustee
ODIN FELDMAN & PITTLEMAN PC
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Direct:  703-218-2134
Fax:    703-218-2160
E-Mail: jim.reynolds@ofplaw.com

5.     Prior to January 7, 2013, the Debtor was the sole owner of certain real property located at 2257 Compass Point, Reston, Virginia  20191 (the "Property").  The Property is more specifically described on the Deed of Gift attached hereto as Exhibit A.

6.     On or about January 7, 2013, the Debtor transferred the Property by Deed of Gift to himself and the Defendant as tenants by the entirety.  *See* Exhibit A.

## Count I
[Avoidance of the Transfer Based Upon 11 U.S.C. §548(a)(1)(A)]

7.     The Trustee incorporates the allegations contained in paragraphs 1 through 6 as if fully set forth herein.

8.     Upon information and belief, the Debtor transferred the Property to himself and the Defendant as tenants by the entirety with actual intent to hinder, delay or defraud creditors to whom he was indebted at the time of the transfer and to whom he became indebted after the date of the transfer.

9.     Upon information and belief the Debtor received no consideration in exchange for the Property's transfer.

10.    The Debtor did not disclose the Property's transfer on his statement of financial affairs filed with this Court.  *See* Debtor's Statement of Financial Affairs, [Docket No. 1].

11.    Pursuant to his schedules, the Debtor and the Defendant are not jointly obligated on any unsecured debts.

12.    At the time he transferred the Property to himself and the Defendant as tenants by the entirety, a lawsuit had already been filed in the Superior Court for California against the Debtor, among others, by certain creditors of Antara Bioscience, Inc.

13.  Upon information and belief, the Debtor was insolvent at the time he transferred the Property to himself and the Defendant as tenants by the entirety. For example, when he filed his chapter 7 bankruptcy petition approximately five (5) months after the transfer, the total value of the Debtor's assets was approximately $2,817,493.95[1] and the total amount of his liabilities was approximately $6,611,099.98.[2] See Debtor's Bankruptcy Schedules, [Docket No. 1].

14.  The Debtor and the Defendant are the initial transferees of the Property's transfer.

WHEREFORE, Donald F. King, Trustee, by counsel, requests that the Court enter an order against the Defendant:

(a)  avoiding the Debtor's transfer of the Property to himself and the Defendant as tenants by the entirety, and

(b)  granting such other relief as this Court deems appropriate.

Count II
[Avoidance of the Transfer Based Upon 11 U.S.C. §548(a)(1)(B)]

15.  The Trustee incorporates the allegations contained in paragraphs 1 through 14 as if fully set forth herein.

16.  The Debtor received less than reasonably equivalent value in exchange for the transfer of the Property.

17.  The Property's transfer was made while the Debtor was insolvent or, in the alternative, the Debtor became insolvent as a result of the transfer.

---

[1] This amount includes the Property's value as shown on schedule A.
[2] This amount does not include claims identified as contingent, disputed or unliquidated.

18. At the time of the transfer, the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital.

19. At the time of the Property's transfer, the Debtor intended to incur, or believed that he would incur, debts that would be beyond his ability to pay as such debts matured.

20. The Debtor and the Defendant are the initial transferees of the Property's transfer.

WHEREFORE, Donald F. King, Trustee, by counsel, requests that the Court enter an order against the Defendant:

(a) avoiding the Debtor's transfer of the Property to himself and the Defendant as tenants by the entirety, and

(b) granting such other relief as this Court deems appropriate.

> Respectfully submitted,
> **Donald F. King, Trustee**
> By counsel

/s/ James W. Reynolds
**James W. Reynolds, Esquire, VSB No. 33226**
**Counsel for Donald F. King, Trustee**
**ODIN FELDMAN & PITTLEMAN PC**
**1775 Wiehle Avenue, Suite 400**
**Reston, Virginia 20190**
**Direct: 703-218-2134**
**Fax: 703-218-2160**
**E-Mail: Jim.Reynolds@ofplaw.com**

#2251035v1 jwrpl-labgold complaint avoid transfer 031070/002446

Fairfax County Circuit Court, CPAN Cover Sheet v2.0                                  Page 1 of 1

# Fairfax County Circuit Court
# CPAN Cover Sheet v2.0

**Instruments**
    DEED OF GIFT

**Grantor(s)**
    MARC R LABGOLD_I_N

**Grantee(s)**
    MARC R LABGOLD_I_N, TARYN M LABGOLD_I_N

| Consideration | 1.00 | Consideration % | 100 | |
|---|---|---|---|---|
| Tax Exemption | | Amount Not Taxed | | |
| DEM Number | | Tax Map Number | 026-4- -15-18-0006- | |
| Original Book | | Original Page | | |
| Title Company | | | Title Case | |
| Property Descr. | | | | |
| Certified | No | Copies | 0 | Page Range |





EXHIBIT A

http://166.94.9.156/coversheet/coversheet.aspx                                      1/8/2013

Code 58.1 811 D

| | |
|---|---|
| GRANTEE'S ADDRESS: | 2257 Compass Point<br>Reston, Virginia 20191 |
| TAX ID NO.: | 026-4-15-18-0006 |
| CONSIDERATION: | One dollar consideration ($1.00) |

### DEED OF GIFT

THIS DEED, made and entered this 7th day of January, 2013, by and between **MARC R. LABGOLD**, Grantor; and **MARC R. LABGOLD** and **TARYN M. LABGOLD**, husband and wife and tenants by the entirety, Grantees.

### WITNESSETH

*That for and in consideration* of the sum of **ONE DOLLARS** and 00/100 ($1.00), cash in hand paid, and other good and valuable consideration, receipt of which is hereby acknowledged, the Grantor does hereby grant, bargain, sell and convey, in fee simple, with GENERAL WARRANTY and English Covenants of title, unto the Grantees, as tenants by the entirety, all the following-described lot or parcel of land together with improvements thereon, situate, lying and being in the County of Fairfax, Commonwealth of Virginia:

> LOT 6, RESUBDIVISION OF BLOCKS ONE (1) B AND ONE (1) C, SECTION SIXTY FOUR (64) RESTON, as the same appears duly dedicated, platted and recorded in Deed Book 5821, at Page 1004, among the Land Records of Fairfax County, Virginia, Block One (1) B being originally dedicated, platted and recorded in Deed Book 5407, at Page 1599 and Block One (1) C being originally dedicated, platted and recorded in Deed Book 5798, at Page 438, among the Land Records of Fairfax County, Virginia.

> BEING ALL OF THE SAME PROPERTY conveyed by Deed unto Clayton R. LEWIS and Fiona J. LEWIS dated May 17, 2002, and recorded May 21, 2002 among the Land Records of Fairfax County, Virginia, in Deed Book 12956 at Page 320.

This instrument was prepared by:
Mark B. Sandground, Sr., Esquire
Sandground Law
8500 Leesburg Pike, Ste. 407
Vienna, Virginia 22182

This Conveyance is made expressly subject to the easements, conditions, restrictions, and rights-of-way of record contained in the instruments forming the chain of title to the property conveyed herein and to matters visible upon inspection.

The Said Grantor covenant that he has the right to convey the said land to the said Grantees that he has done no act to encumber the same; that the said Grantees shall have quiet possession of the said land, free from all encumbrances except mentioned herein; and that they, the said Grantor will execute such further assurances of the land as may be requisite.

Witness the following signatures and seals.

_____(SEAL)
Marc R. Labgold, Grantor

STATE OF VIRGINIA
COUNTY OF Loudoun_____, to wit:

The aforegoing deed was acknowledged before me on January 7, 2013 by Marc R. Labgold.

_____
Notary Public
My Commission expires: 8/31/13

Alyssa Frazier
Commonwealth of Virginia
Notary Public
Commission No. 353808
My Commission Expires 8/31/2013

After recording please return to:

Sandground Law
8500 Leesburg Pike, Suite 407
Vienna, VA 22182

01/09/2013
RECORDED FAIRFAX CO VA
TESTE
CLERK